FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 1 3 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PAZ AREVALO-FLORES, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:02-CR-525-1-WBH |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:05-CV-0787-WBH |

## ORDER AND OPINION

Movant, Paz Arevalo-Flores, a federal prisoner, seeks to challenge pursuant to 28 U.S.C. § 2255 his March 11, 2003, conviction and sentence. This matter is pending before this Court on Movant's § 2255 motion [Doc. 40], the Government's response [Doc. 42], Movant's request for an extension of time to reply to the Government's response [Doc. 43], and Movant's reply [Doc. 44]. For the reasons set forth in detail below, Movant's § 2255 motion will be denied.

### I. Background

On August 13, 2002, Movant was indicted and charged with illegal re-entry after removal from the United States, in violation of 18 U.S.C. § 1326. [Doc. 1]. On December 16, Movant entered a non-negotiated guilty plea to the illegal re-entry charge. [Doc. 26].

In connection with his sentencing hearing, Movant objected to the pre-sentence investigation report's ("PSR") classification of his criminal history as Category V and requested a horizontal downward departure to Category III under U.S.S.G. § 4A1.3. (Sentencing Transcript ("ST") at 2-7). This Court then granted a downward departure to Category IV, which carries a sentencing guideline range of 57 to 71 months. (ST at 18). Ultimately, this Court sentenced Movant on March 11, 2003, to sixty months in prison followed by release into the custody of the Immigration and Customs Enforcement ("ICE") for the purpose of removal from the United States. [Doc. 28].

Movant timely appealed his sentence to the Eleventh Circuit Court of Appeals, claiming that the district court erred by failing to articulate the reasons for imposing the sixty-month sentence, as required by 18 U.S.C. § 3553(c). [See Doc. 39 at 4]. On September , 2003, the Eleventh Circuit rejected Movant's sole enumeration of error and affirmed his conviction and sentence. [Id. at 4-6]. Movant did not seek review before the United States Supreme Court through a petition for writ of certiorari.

## II.  The Instant § 2255 Motion

On March 16, 2005, Movant executed the instant § 2255 motion, and it was filed in this Court on March 21, 2005. [Doc. 40]. In his § 2255 motion, Movant raises the following three grounds for relief:

(1) Movant's counsel rendered ineffective assistance by failing, <u>inter alia</u>, to object to the inclusion of certain offense level and criminal history considerations in connection with sentencing (Ground One);

(2) Movant's constitutional rights were violated when he was sentenced based upon certain enhancing factors for which he was neither charged nor had he admitted in pleading guilty (Ground Two); and

(3) Movant was unconstitutionally sentenced under the federal Sentencing Guidelines, which, since the conclusion of his direct appeal, is no longer mandatory and binding on the Court (Ground Three).

[Doc. 40 at 5].

In its response, the Government first contends that the instant § 2255 motion should be time-barred because it was filed outside of the applicable one-year statute of limitations. [Doc. 42 at 8-9]. In connection therewith, the Government contends that none of Movant's grounds are based on a newly-recognized, retroactive right, which would serve to revive Movant's otherwise time-barred claims. [<u>Id.</u> at 10-11]. The Government further contends that Movant cannot raise his claims on collateral review because he waived each claim on direct appeal. [<u>Id.</u> at 11-14]. Lastly, Movant contends that each ground is without merit. [<u>Id.</u> at 14-20].

AO 72A
(Rev.8/82)

## III. Discussion

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Federal courts may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, a one-year statute of limitations applies to a § 2255 motion. As stated at 28 U.S.C. § 2255:

The [one-year] limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2225 ¶ 6.

The Government contends that the instant § 2255 motion is untimely because it was filed more than one year after Movant's sentence became final. See 28 U.S.C. § 2255 ¶ 6(1). The record reflects that this Court entered its judgment and commitment order on March 11, 2003, that Movant timely appealed to the Eleventh Circuit, that the Eleventh Circuit affirmed Movant's sentence on September 29, 2003, and that Movant did not seek review by the Supreme Court through a petition for writ of certiorari. [Docs. 28, 29, and 39]. Thus, Movant's conviction and sentence became final for purposes of § 2255 ¶ 6(1)'s one-year limitation period on December 29, 2003, ninety days after the Eleventh Circuit entered judgment on Movant's direct appeal. See Sup. Ct. R. 13(3) (affording petitioners ninety days from the appellate court's entry of judgment within which to seek a writ of certiorari from the Supreme Court); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) (holding that in cases where a § 2255 movant has declined to seek review by the Supreme Court through a writ of certiorari, a judgment of conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction.") (quoting Clay v. United States, 537 U.S. 522 (2003)).

5

Based on the commencement of the one-year limitation period on December 29, 2003, Movant had until December 29, 2004, to file a § 2255 motion in a timely fashion. However, the instant § 2255 motion, executed on March 16, 2005, was filed well outside of the one-year limitation period and is, therefore, untimely for purposes of § 2255 ¶ 6(1).

In the instant case, Movant has neither alleged any facts nor made any arguments implicating a government impediment to filing the instant motion or the discovery of newly-discovered evidence through due diligence. See § 2255 ¶ 6(2) and (4). Without identifying any specific ground for relief, Movant contends that the instant § 2255 motion is based on rights newly established by the Supreme Court in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296 (2004),[1] which should be made retroactive to cases on

---

[1] Before the decisions in Blakely and Booker were issued, the Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The Supreme Court revisited this issue in Blakely, clarifying that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Blakely, 542 U.S. at 303-04 (emphasis in original). In Booker, the Supreme Court applied Blakely to the federal sentencing guidelines. Booker, 543 U.S. at ___, 125 S.Ct. at 755. Thus, pursuant to Booker/Blakely, the Sixth Amendment is violated by the imposition of an enhanced sentence under the guidelines, at least with respect to imprisonment, based on the sentencing judge's determination of a fact that was

collateral review. [Doc. 44 at 10-18]. Thus, for purposes of § 2255 ¶ 6(3), Movant contends that the instant § 2255 motion was timely filed within one year of the Supreme Court's decisions in Booker (issued on January 12, 2005) and Blakely (issued on June 24, 2004).

Contrary to Movant's arguments, the Eleventh Circuit has expressly held that the Supreme Court decisions in Booker and Blakely do not apply retroactively to cases on collateral review, such as a § 2255 motion. Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S.Ct. 312 (2005). The Eleventh Circuit explained that the constitutional rule announced in Booker and Blakely is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review" and is not a "'watershed rule[ ] of criminal procedure' to be applied retroactively." Id. at 867-68 (quoting Schriro v. Summerlin, 124 S.Ct. 2519, 2526 (2004)). Because Booker and Blakely are not retroactively applicable to cases on collateral review, they do not trigger application of § 2255 ¶ 6(3). Accordingly, the instant § 2255 motion,

---

neither found by the jury nor admitted by the defendant. Id. at _, 125 S.Ct. at 750-51.

deemed filed on March 16, 2005, is untimely to contest Movant's sentence that became final on December 29, 2003.[2]

## V. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Movant Paz Arevalo-Flores's 28 U.S.C.§ 2255 motion [Doc. 40], is **DENIED** and that the instant action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Movant's request for an extension of time to reply to the Government's response [Doc. 43] is **GRANTED**, nunc pro tunc, and Movant's reply [Doc. 44] is deemed filed on May 16, 2005.

**IT IS SO ORDERED**, this 13 day of February, 2006.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In light of the fact that the instant § 2255 motion is untimely, it is unnecessary for this Court to consider whether Movant's three grounds for relief either were waived or without merit.

8